FILED

2008 OCT 10 PM 2:01

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

BY: _____ NB _____

ORIGINAL

BY FAX

Edward R. Nelson, III, admitted pro hac vice
NELSON BUMGARDNER CASTO, P.C.
5601 Bridge Street, Suite 300
Fort Worth, Texas 76112
817-377-9111
enelson@nbclaw.com

Jan P. Weir, State Bar No. 106652
STRADLING YOCCA CARLSON & RAUTH
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660-6422
949-725-4000
jweir@sycr.com

Attorneys for Plaintiffs
SCREENTONE SYSTEMS CORPORATION,
ACACIA PATENT ACQUISITION LLC,
and PAUL S. SNYPP

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| IN RE: HALFTONE COLOR SEPARATIONS | Case No. 8:08-ml-01926-CJC (ANx) <br><br> Honorable Cormac J. Carney <br><br> **PLAINTFFS' AMENDED COMPLAINT** |

Plaintiffs SCREENTONE SYSTEMS CORPORATION ("SCREENTONE"), ACACIA PATENT ACQUISITION LLC ("ACACIA PATENT"), and PAUL S. SNYPP ("SNYPP") file this Amended Complaint against Defendants CANON U.S.A., INC. ("CANON"), EASTMAN KODAK COMPANY ("KODAK"), RICOH AMERICAS CORPORATION ("RICOH"), KONICA MINOLTA BUSINESS SOLUTIONS U.S.A., INC. ("KONICA MINOLTA"), and HEIDELBERG USA, INC. ("HEIDELBERG"), alleging as follows:

## I. THE PARTIES

1. Plaintiff SCREENTONE is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Newport Beach, CA. SCREENTONE has already appeared in this action.

2. Plaintiff ACACIA PATENT is a limited liability company organized and existing under the laws of the State of Delaware, with its principle place of business in Newport Beach, CA. ACACIA PATENT has already appeared in this action.

3. Plaintiff SNYPP is a citizen of the state of Washington. SNYPP resides in Federal Way, Washington. SNYPP has already appeared in this action.

4. Upon information and belief, CANON is a corporation organized and existing under the laws of the State of New York, with a principal place of business in Lake Success, NY. CANON has already appeared in this action.

5. Upon information and belief, KODAK is a corporation organized and existing under the laws of the State of New Jersey, with a principal place of business in Rochester, NY. KODAK has already appeared in this action.

6. Upon information and belief, RICOH is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business in West Caldwell, NJ. RICOH has already appeared in this action.

7. Upon information and belief, KONICA MINOLTA is a corporation organized and existing under the laws of New York, with a principal place of business in Ramsey, NJ. KONICA MINOLTA has already appeared in this action.

8. Upon information and belief, HEIDELBERG is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business in Kennesaw, GA. HEIDELBERG has already appeared in this action.

## II. JURISDICTION AND VENUE

9. This is an action for infringement of a United States patent arising under 35 U.S.C. §§ 271, 281, and 284-285, among others. This Court has subject matter jurisdiction of the action under Title 28 U.S.C. §1331 and §1338(a).

10. This matter is currently before this Court for consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407 and an Order of Transfer from the United States Panel on Multidistrict Litigation dated April 10, 2008 (MDL No. 1926).

## III. PATENT INFRINGEMENT

11. On November 24, 1992, United States Patent No. 5,166,809 ("the '809 patent") was duly and legally issued for an "Apparatus and Methods for Digital Halftoning." A true and correct copy of the '809 patent is attached hereto as Exhibit "A" and made a part hereof.

12. Plaintiff SCREENTONE is the owner of the '809 patent with the exclusive right to enforce the '809 patent against infringers including the right to prosecute this action. Plaintiffs SCREENTONE, ACACIA PATENT, and SNYPP have each exclusively owned the '809 patent during distinct, successive periods between October 21, 2003 and the present and, collectively, have the right to collect damages from October 21, 2003 for infringement of the '809 patent.

13. Upon information and belief, Defendants, directly or through intermediaries, manufacture, make, have made, use, practice, import, provide, supply, distribute, sell, and/or offer for sale products and/or systems that infringe one or more claims in the '809 patent; and/or Defendants induce and/or contribute to the infringements of one or more of the claims in the '809 patent by others. Defendants' acts of infringement generally involve their manufacture, use, sale, and distribution of printer and other imaging products which operate to reproduce images by the claimed digital halftoning techniques. The infringed claims include claim 1 and certain claims depending therefrom.

14. Plaintiffs have been damaged as a result of Defendants' infringing conduct. Defendants are, thus, liable to Plaintiffs in an amount that adequately compensates them for Defendants' infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

15. Excepting Defendant HEIDELBERG, Defendants were notified in writing in March 2006 of their respective infringing conduct. The notified Defendants have knowingly and willfully infringed the '809 patent since at least the time of their notices.

16. Further, Defendants RICOH, KODAK, and CANON have referenced and cited the '809 patent as relevant prior art in connection with their prosecution of certain, subsequent patent applications. Thus, upon information and belief, Defendants RICOH, KODAK, and CANON were aware of the '809 patent and had knowledge of the infringing nature of their activities since the time of such patent prosecution. They have nevertheless continued their infringing activities, and their infringing activities have been and continue to be willful.

### IV. JURY DEMAND

Plaintiffs hereby request a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

### V. PRAYER FOR RELIEF

Plaintiffs requests that the Court find in its favor and against Defendants, and that the Court grant Plaintiffs the following relief:

    a. Judgment that one or more claims of United States Patent No. 5,166,809 have been infringed, either literally and/or under the doctrine of equivalents, by one or more Defendants and/or by others to whose infringements Defendants have contributed and/or by others whose infringements have been induced by Defendants;

b. Judgment that Defendants account for and pay to Plaintiffs all damages to and costs incurred by Plaintiffs because of Defendants' infringing activities and other conduct complained of herein;

c. That Defendants' infringements be found to be willful from the time that Defendants became aware of the infringing nature of their respective products and services, which is the time of filing of Plaintiffs' Complaint at the latest, and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

d. That Plaintiffs be granted pre-judgment and post judgment interest on the damages caused by Defendants' infringing activities and other conduct complained of herein;

e. That the Court declare this an exceptional case and award Plaintiffs their reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

f. That Plaintiffs be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated: October 10, 2008

STRADLING YOCCA CARLSON & RAUTH

By: _____
Jan P. Weir

Attorneys for SCREENTONE SYSTEMS CORPORATION, ACACIA PATENT ACQUISITION LLC, and PAUL S. SNYPP

PLAINTIFFS' AMENDED COMPLAINT

5

# PROOF OF SERVICE

STATE OF CALIFORNIA     )
COUNTY OF ORANGE        )

I am employed by Stradling Yocca Carlson & Rauth in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 660 Newport Center Drive, Suite 1600, Newport Beach, CA 92660-6422.

On October 10, 2008, I served the within documents entitled:

**Plaintiffs' Amended Complaint**

| | |
|---|---|
| X | by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Newport Beach, California addressed as set forth below. |
|   | by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below. |
|   | by placing the document(s) listed above in a sealed FEDERAL EXPRESS package for overnight delivery at Newport Beach, California addressed as set forth below. |
| X | I certify that on October 10, 2008, I caused the document(s) listed above to be served via electronic mail to the person(s) at the address(es) set forth below. |

**SEE ATTACHED SERVICE LIST**

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court whose direction the service was made.

Executed on October 10, 2008, at Newport Beach, California.

_____
Terry L. Kuester

PROOF OF SERVICE

1

**In re Halftone Color Separations**
**USDC Case No. 8:08-ml-01926-CJC (ANx)**

## SERVICE LIST

*Attorneys for Canon USA, Inc.*

Nicholas M. Cannella, Esq.
Fitzpatrick Cella Harper and Scinto
30 Rockefellar Plaza
New York, NY  10112-3801
T:  212-218-2100
ncannella@fchs.com

Brian L. Klock, Esq.
Fitzpatrick Cella Harper and Scinto
975 "F" Street, NW, Suite 400
Washington, DC  20004-1405
T:  202-530-1010
bklock@fchs.com

*Attorneys for Eastman Kodak Company*

Scott Bittman, Esq.
Bruce D. DeRenzi, Esq.
Crowell and Moring, LLP
153 East 53rd Street, 31st Floor
New York, NY  10022
T:  212-895-4223
F:  212-223-4134
sbittman@crowell.com
bderenzi@crowell.com

Jennifer H. Burdman, Esq.
Brian M. Koide, Esq.
Mark M. Supko, Esq.
Crowell and Moring, LLP
1001 Pennsylvania Avenue, NW
Washington, DC  20004
T:  202-624-2769
F:  949-263-8414
jburdman@crowell.com
bkoide@crowell.com
msupko@crowell.com

R. Scott Feldmann, Esq.
Crowell and Moring, LLP
3 Park Plaza, 20th Floor
Irvine, CA  92614-8505
T:  949-798-1372
sfeldmann@crowell.com

PROOF OF SERVICE

<200b><200b><200b><200b><200b>

| | |
|---|---|
| 1 | Otis W. Carroll, Jr., Esq. |
| 2 | Ireland Carroll and Kelley<br>6101 South Broadway, Suite 500 |
| 3 | Tyler, TX 75703<br>T: 903-561-1600 |
| 4 | fedserv@icklaw.com |

**Attorneys for Electronics for Imaging, Inc.**

Frank P. Cote, Esq.
Howrey Simon Arnold and White
2020 Main Street, Suite 1000
Irvine, CA 92614-8200
T: 949-721-6900
cote@howrey.com

Elizabeth Hoult Fontaine, Esq.
Russell B. Hill, Esq.
Scott Russell Maynard, Esq.
Howrey, LLP
4 Park Plaza, Suite 1700
Irvine, CA 92614
T: 949-721-6900
F: 949-721-6910
fontainee@howrey.com
hillr@howrey.com
maynards@howrey.com

**Attorneys for Heidelberg USA, Inc.**

Sergey Kolmykov, Esq.
Steven F. Meyer, Esq.
John F. Sweeney, Esq.
Morgan & Finnegan, L.L.P.
3 World Financial Center
New York, NY 10281-2101
T: 212-415-8537
F: 212-415-8701
skolmykov@morganfinnegan.com
smeyer@morganfinnegan.com
jsweeney@morganfinnegan.com

**Attorneys for Konica Minolta Business Solutions USA, Inc.**

Thomas N. Tarnay, Esq.
John P. Wisse, Esq.
Sidley Austin, LLP
717 North Harwood, Suite 3400
Dallas, TX 75201
T: 214-981-3388
F: 214-981-3400
ttarnay@sidley.com
jwisse@sidley.com

3

PROOF OF SERVICE

| | |
|---|---|
| 1 | |
| 2 | Carissa A. Tener, Esq.<br>Sidley Austin LLP<br>555 West Fifth Street, Suite 4000 |
| 3 | Los Angeles, CA 90012<br>T: 213-896-6000 |
| 4 | ctener@sidley.com |
| 5 | |
| 6 | **_Attorneys for Ricoh Americas Corporation_** |
| 7 | Clinton L. Conner, Esq.<br>Mark D. Rowland, Esq. |
| 8 | Ropes and Gray, LLP<br>525 University Avenue, Suite 300 |
| 9 | Palo Alto, CA 94301<br>T: 650-617-4069 |
| 10 | clinton.conner@ropesgray.com<br>mark.rowland@ropesgray.com |
| 11 | Hiroyuki Hagiwara, Esq. |
| 12 | Patricia A. Martone, Esq.<br>Ropes and Gray, LLP |
| 13 | 1211 Avenue of the Americas<br>New York, NY 10036-8704 |
| 14 | T: 212-596-9000<br>hiroyuki.hagiwara@ropesgray.com |
| 15 | patricia.martone@ropesgray.com |
| 16 | Craig N. Hentschel, Esq.<br>Dykema Gossett, LLP |
| 17 | 333 South Grand Avenue, Suite 2100<br>Los Angeles, CA 90071 |
| 18 | T: 213-457-1818<br>chentschel@dykema.com |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |