1  Thomas N. Tarnay
   SIDLEY AUSTIN, LLP
2  717 N. Harwood, Suite 3400
   Dallas, TX 75201
3  (214) 981-3300
   ttarnay@sidley.com
4
5  Attorneys for Defendants/Counter-Plaintiffs
   KONICA MINOLTA BUSINESS
6  SOLUTIONS U.S.A., INC.
7  Patricia A. Martone
   ROPES & GRAY LLP
8  1211 Avenue of the Americas
   New York, NY 10036-8704
9  (212) 596-9000
   patricia.martone@ropesgray.com
10
   Craig N. Hentschel
11 DYKEMA GOSSETT LLP
   333 South Grand Avenue, Suite 2100
12 Los Angeles, California 90071
   (213) 457-1800
13 chentschel@dykema.com
14 Attorneys for Defendant/Counter-Plaintiff
   RICOH AMERICAS CORPORATION
15
16 Steven F. Meyer
   MORGAN & FINNEGAN, LLP
17 3 World Financial Center
   New York, NY 10281-2101
18 (212) 415-8700
   smeyer@morganfinnegan.com
19
20 Attorneys for Defendant/Counter-Plaintiff
   HEIDELBERG USA, INC.
21
22 Brian L. Klock
   FITZPATRICK, CELLA, HARPER & SCINTO
23 975 F. Street, N.W.
   Washington, D.C. 20004
24 (202) 530-4211
   bklock@fchs.com
25
26 Attorneys for Defendant/Counter-Plaintiff
   CANON USA, INC.
27
28

W02-EAST:7JEL1\200108421.1                    -1-

3745427v1

Edward R. Nelson, III
NELSON BUMGARDNER CASTO, P.C.
5601 Bridge Street, Suite 300
Fort Worth, TX 76112
Telephone: 817-377-9111
enelson@nbclaw.net

Jan P. Weir
STRADLING YOCCA CARLSON & RAUTH
660 Newport Center Drive, Suite 1600
Newport Beach, CA  92660-6422
949-725-4000
jweir@sycr.com

Attorneys for Plaintiffs/Counter-Defendants
SCREENTONE SYSTEMS CORPORATION,
ACACIA PATENT ACQUISITION LLC,
and PAUL S. SNYPP

Jason W. Wolff (SBN 215819)
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Telephone: (858) 678-5070
wolff@fr.com

Attorney for ADOBE SYSTEMS INCORPORATED

3745427v1

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

IN RE: HALFTONE COLOR
SEPARATIONS ('809) PATENT
LITIGATION

Case No.  8:08-ml-01926-CJC (MLGx)

Honorable Cormac J. Carney

**AGREED PROTECTIVE ORDER**

**Proceedings and Information Governed.**

1.      This Protective Order is made under Fed. R. Civ. P. 26(c), and it applies to this action.  It governs any document, information, or other thing furnished by any party to any other party to this action, and it encompasses any non-party from whom information is sought in connection with this action.  Information protected includes, but is not limited to: answers to interrogatories, answers to requests for admission, responses to requests for production of documents, deposition transcripts and videos, deposition exhibits, pleadings, briefs, memoranda, testimony adduced at trial, materials introduced into evidence, and other writings or things produced, given or filed in this action that are designated by a party as "Confidential" or "Confidential Attorneys' Eyes Only" in accordance with the terms of this Protective Order, as well as any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such information.

**Designation and Maintenance of Information.**

2.      For purposes of this Protective Order: (a) the "Confidential" designation means that the document contains confidential or proprietary technical, scientific, or business information which is not generally known and which the furnishing party would not normally reveal to third parties or would cause third parties to maintain in confidence,

1 or other information required by law or agreement to be kept confidential. (b) the
2 "Confidential Attorneys' Eyes Only" designation means that the document is comprised
3 of information that the producing party deems especially sensitive, which may include,
4 but is not limited to, source code, confidential research and development, financial,
5 technical, marketing, license agreements, any other sensitive trade secret information, or
6 information capable of being utilized for the preparation or prosecution of a patent
7 application dealing with such subject matter. Confidential and Confidential Attorneys'
8 Eyes Only information does not include, and this Protective Order does not apply to,
9 information that is already in the knowledge or possession of the party to whom
10 disclosure is made unless that party is already bound by agreement not to disclose such
11 information, or information that has been disclosed to the public or third persons in a
12 manner making such information no longer confidential.

13 3.      Except as otherwise provided in this Protective Order (see, e.g., paragraph 4), or
14 as otherwise stipulated or ordered, material that qualifies for protection under this
15 Protective Order must be clearly so designated before the material is disclosed or
16 produced.  Designation in conformity with this order requires:

17

18      a.      For information in documentary form (see paragraph 5 for transcripts of
19              depositions), that the furnishing party affix the legend "CONFIDENTIAL"
20              or "CONFIDENTIAL ATTORNEYS' EYES ONLY" on each page that
21              contains Confidential information.

22

23      b.      For information produced in electronic format, that the furnishing party
24              include    the    legend    "CONFIDENTIAL"    or    "CONFIDENTIAL
25              ATTORNEYS' EYES ONLY" in the same manner a bates number is
26              included for production purposes, and that the furnishing party affix the
27              legend "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES

28

W02-EAST:7JEL1\200108421.1                    -4-

3745427v1

ONLY" on the physical medium through which the information is exchanged (*e.g.*, CD, DVD, hard drive, etc.). If the receiving party creates paper versions of the information (by printing or other means), the receiving party must timely mark such documents with a "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY" legend.

c. <u>For information produced in some form other than documentary form, and for any other tangible items</u>, that the furnishing party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY." If only portions of the information or item warrant protection, the furnishing party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY."

4.     The parties recognize that some parties may be in unusual positions, with large amounts of materials that may be responsive or potentially responsive materials stored in unique ways. The parties agree to meet, confer and work out reasonable solutions regarding the inspection, form, and cost of any production, and particularly archival or ancient documents and things for which the copying or reproduction may damage or compromise the integrity of said documents and things because of their age or inability to be replaced. The parties agree that such solutions will include measures to protect the confidentiality of any confidential materials made available for inspection.

5.     A party may designate information disclosed at a deposition as Confidential or Confidential Attorneys' Eyes Only by requesting the reporter to so designate the transcript or any portion of the transcript at the time of the deposition. If no such

designation is made at the time of the deposition, a party will have thirty (30) calendar days after receiving a copy of the transcript to notify the other parties and the court reporter in writing whether the transcript or a portion thereof is to be designated as Confidential or Confidential Attorneys' Eyes Only.  If no such designation is made at the time of the deposition or within this thirty (30) calendar day period (during which period, the transcript must be treated as Confidential), the entire deposition will be considered devoid of Confidential or Confidential Attorneys' Eyes Only information. When it is impractical to identify separately each portion of testimony that is entitled to protection at a deposition, and it appears that substantial portions of the testimony may qualify for protection, a party may identify the entire transcript as Confidential or Confidential Attorneys' Eyes Only during the course of a deposition.  When an entire transcript is designated as Confidential or Confidential Attorneys' Eyes Only, the parties agree to meet and confer in good faith in a timely manner to identify any portions of the testimony not entitled to protection under this Protective Order.  In the event a deposition at which information is designated Confidential or Confidential Attorneys' Eyes Only is videotaped, the original and all copies of the videotape shall be marked Confidential or Confidential Attorneys' Eyes Only by the video technician pursuant to this Protective Order.  Each party and the court reporter must attach a copy of any final and timely written designation notice to the transcript and each copy of the transcript in its possession, custody or control, and the portions designated in such notice must thereafter be treated in accordance with this Protective Order.  A party may designate information of an unrepresented non-party disclosed at a deposition as Confidential following these procedures.  However, the party who made the designation shall remove or change the designation if requested to do so by counsel for the non-party.

6.      It is the responsibility of counsel for each party to maintain materials containing Confidential or Confidential Attorneys' Eyes Only information in a secure manner and

1   appropriately identified so as to allow access to such information only to such persons
2   and under such terms as is permitted under this Protective Order.
3   **Inadvertent Failure to Designate or Claim Privilege.**
4   7.      The  inadvertent  failure  to  designate  information  in  accordance  with  this
5   Protective Order or to withhold information as legally privileged will not be deemed to
6   waive a later claim as to its confidential or privileged nature.  In the case of a failure to
7   designate  information  under  the  Protective  Order,  the  furnishing  party  may  later
8   designate  information  as  Confidential  or  Confidential  Attorneys'  Eyes  Only  by
9   providing written notice to the receiving parties identifying the particular documents,
10  things, or information it wishes to designate and the appropriate designation for each.
11  The  furnishing  party  is  responsible  for  providing  appropriately  designated  substitute
12  copies of such information.  From the date the receiving party receives such notice, it
13  must treat such information as Confidential or Confidential Attorneys' Eyes Only and,
14  within ten court days of receiving appropriately designated substitute copies from the
15  furnishing party, must return or destroy the unmarked information and all copes thereof.
16  The  receiving  party  also  must  advise  unauthorized  persons  to  whom  disclosure  was
17  made that the information is Confidential or Confidential Attorneys' Eyes Only and that
18  the information should be treated in accordance with the provisions of this Protective
19  Order.  Moreover,  no  party  shall  be  required  to  produce  a  log  that  identifies  material
20  designated as attorney-client privileged or work product that is dated, or was created
21  and/or communicated after August 8, 2007.
22  8.      In the case of a failure to withhold from production certain information subject to
23  an appropriate legal privilege or exemption, the receiving party shall — once notified in
24  writing of the privileged nature of the information and its inadvertent production —
25  immediately return such information (including all copies) to the furnishing party and
26  destroy all excerpts, abstracts, analyses, summaries, and descriptions thereof.  The
27  receiving party shall not make use of the document or thing containing such information
28

1  or the information itself in any way after receiving such notification.  An inadvertent or

2  mistaken disclosure does not constitute a waiver of or estoppel as to, any claim of

3  attorney-client privilege, work product immunity, or other right.  However, nothing

4  herein restricts the right of the receiving party to challenge the furnishing party's claim

5  of privilege or immunity, if appropriate on a ground other than failure to withhold it.

6  **Challenge to Designations.**

7  9.     A receiving party may challenge a furnishing party's designation of information

8  as Confidential or Confidential Attorneys' Eyes Only at any time by complying with the

9  motion rules of Local Rule 37.  Until any dispute under this paragraph is ruled upon by

10  the presiding judge, the designation will remain in full force and effect, and the

11  information must continue to be accorded the designated level of treatment required by

12  this Protective Order.

13  **Disclosure and Use of Confidential Information.**

14  10.     Information designated as Confidential or Confidential Attorneys' Eyes Only may

15  only be used for purposes of preparation, trial, and appeal of this multidistrict action.

16  All other uses, including but not limited to, business uses, litigation or patent licensing

17  uses in connection with other legal actions or matters, information decisions regarding

18  the acquisition of patents, and patent prosecution uses, is strictly prohibited.

19  11.     Subject to paragraph 17 below, the following individuals may have access to

20  information designated as Confidential or Confidential Attorneys' Eyes Only, provided

21  that such individuals are informed of the terms of this Protective Order:

22            (a) the Court and members of the staff of the Court whose functions

23            necessitate access to Confidential or Confidential Attorneys' Eyes Only

24            information;

25            (b) outside counsel working on this action on behalf of any party and

26            supporting personnel employed by outside counsel, such as contract

27

28
W02-EAST:7JEL1\200108421.1                    -8-

3745427v1

attorneys, paralegals, legal secretaries, data entry clerks, legal clerks, private photocopying services, discovery vendors;

(c) Technical, Non-Technical or Financial Advisors[1] of the receiving party who have executed the undertaking attached hereto as Exhibit A and who have been approved pursuant to paragraph 13 herein;

(d) any qualified court reporters, interpreters, and translators receiving Confidential or Confidential Attorneys' Eyes Only information or taking testimony in this action, necessary stenographic and clerical personnel thereof, who have executed the agreement attached hereto as Exhibit B, except that those involved in the official transcription or interpretation of proceedings before the Court shall not be required to execute such an agreement;

(e) a witness at deposition or trial who appears as the author or as the recipient on the face of a document containing the Confidential or Confidential Attorneys' Eyes Only information to be disclosed, or who has been identified by the furnishing party as having been provided with the document or the information therein for purposes of preparing the witness for, or examining or cross-examining the witness during, a deposition or trial. The witness will not be permitted to retain any documents or things containing Confidential or Confidential Attorneys' Eyes Only information unless the witness is otherwise authorized to receive Confidential  or Confidential Attorneys' Eyes Only information; and

(f) those individuals permitted under paragraph 16.

---

[1] "Technical, Non-Technical or Financial Advisors" shall mean any persons not presently employed by any party or their outside counsel and who are retained or sought to be retained by or on behalf of a party to advise and assist in the preparation and presentation of the party's case (including technical and financial experts and expert witnesses, jury consultants, trial consultants, trial support service persons, and the like) in any of the above-captioned proceeding.

12.    In addition, two members of the receiving party's in-house legal department and/or officers of the receiving party who have complied with paragraph 14, subject to the restrictions in paragraph 17, may have access to information designated as Confidential, provided that such individuals are informed of the terms of this Protective Order.    Those individuals shall not have access to information designated as Confidential Attorneys' Eyes Only.

13.    Prior to disclosing Confidential or Confidential Attorneys' Eyes Only information to a receiving party's Technical, Non-Technical or Financial Advisor pursuant to paragraph 11(c), the receiving party must provide to the furnishing party a signed Confidentiality Agreement in the form attached as Exhibit A, the resume or curriculum vitae of the proposed expert or consultant, the expert or consultant's business affiliation(s), certification that any pending or issued patents in which the proposed expert is an inventor, applicant, or holds a pecuniary or other ownership interest do not pertain to AM screening for digital printing, such as Adobe PostScript technology, and any current and past consulting relationships in the industry.    The furnishing party will thereafter have ten (10) business days from receipt of the Confidentiality Agreement to object to any proposed individual.    The objection must be made for good cause and in writing, stating with particularity the reasons for the objection.    Failure to object within ten (10) business days constitutes approval.    If the parties are unable to resolve any objection, the receiving party may apply to the presiding judge to resolve the matter. There will be no disclosure to any proposed individual during the ten (10) business day objection period, unless that period is waived by the furnishing party, or if any objection is made, until the parties have resolved the objection, or the presiding judge has ruled upon any resultant motion.    The failure of a party to object to the receipt of its Confidential or Confidential Attorneys' Eyes Only information by a Technical, Non-Technical or Financial Advisor of the receiving party shall in no way prejudice the

1   furnishing party's right to later move to exclude such person's access to the furnishings

2   party's Confidential or Confidential Attorneys' Eyes Only information.

3   14.     Further, each member of a receiving party's in-house legal department and/or

4   officer of a receiving party, designated pursuant to paragraph 12, shall execute the

5   undertaking in the form attached as Exhibit C prior to having any form of access to

6   Confidential Information.  Outside counsel for each respective party shall keep in his or

7   her files the originals of such executed undertaking until 60 calendar days after the final

8   termination of this action.   Upon final termination of this action and at the written

9   request of the producing party, all such executed agreements shall be provided to

10  outside counsel for the producing party.

11  15.     Counsel is responsible for the adherence by third-party vendors to the terms and

12  conditions of this Protective Order.  Counsel may fulfill this obligation by obtaining a

13  signed Confidentiality Agreement in the form attached as Exhibit B.

14  16.     Confidential or Confidential Attorneys' Eyes Only information may be disclosed

15  to a person who is not already allowed access to such information under this Protective

16  Order: (a) pursuant to a Court order; or (b) pursuant to a stipulation by the furnishing

17  party (the stipulation must be either in writing or on the record in a deposition, hearing,

18  or trial in the above-captioned proceeding).  Disclosure of material pursuant to this

19  paragraph does not constitute a waiver of the confidential status of the material so

20  disclosed.

21  17.     For the purposes of this provision, those parties who participate in the same or

22  related industries shall be designated "competing parties."  Other than the exceptions

23  noted in this paragraph, individuals designated under paragraph 12 shall not have access

24  to a competing party's Confidential or Confidential Attorneys' Eyes Only information.

25  However, individuals designated under paragraph 12 may see or observe a competing

26  party's Confidential information contained in the following items, but may neither

27  possess nor retain either a paper or electronic copy (if applicable):

28

W02-EAST:7JEL1\200108421.1                         -11-

3745427v1

1    Deposition testimony, exhibits, and transcript portions;

2    Hearing / trial testimony, exhibits, and transcript portions;

3    Motions and exhibits thereto; and

4    Expert reports and exhibits thereto.

5    18.    In the event that only a portion of a document is designated as Confidential or

6    Confidential Attorneys' Eyes Only, all pages designated as containing Confidential or

7    Confidential Attorneys' Eyes Only information shall be removed from any document or

8    copy of a document that is made available to any person not authorized to receive such

9    information, and the front page of all copies of the document provided to the person

10    shall be marked "Confidential information redacted from this document pursuant to

11    court order."

12    **Inadvertent Disclosure of Confidential Information.**

13    19.    In the event of an inadvertent disclosure of the Confidential or Confidential

14    Attorneys' Eyes Only information of another party or a non-party to a person not

15    qualified to receive the information under this Protective Order, the party making the

16    inadvertent disclosure shall upon learning of the disclosure;

17    (a) immediately notify the person(s) to whom the disclosure was made that

18    it contains Confidential or Confidential Attorneys' Eyes Only information

19    subject to this Protective Order;

20    (b) immediately use best efforts to retrieve the disclosed information from

21    the person(s) to whom disclosure was inadvertently made;

22    (c)    immediately    make    all    reasonable    efforts    to    preclude    further

23    dissemination or use by the person(s) to whom disclosure was inadvertently

24    made; and

25    (d) within five (5) days, notify the furnishing party of the identity of the

26    person(s) to whom disclosure was inadvertently made, the circumstances

27

28

1   surrounding disclosure, and the steps taken to insure against the

2   dissemination or use of the information.

3   **Patent Prosecution Bar.**

4   20.    Any person who actually receives and reviews the content in any materials (e.g.,

5   documents, electronic files, declarations, and deposition transcripts) containing

6   technical information of a party designated as Confidential or Confidential Attorneys'

7   Eyes Only shall not personally prosecute and/or prepare any patent application or patent

8   claims pertaining to confidential aspects of AM screening for digital printing, within the

9   scope of Adobe PostScript or EFI halftone simulation, disclosed in the materials, from

10  the time of receipt of such information through and including two (2) years following

11  the entry of a final non-appealable judgment or order or the complete settlement of all

12  claims against all parties in this multidistrict action.  In addition, any person subject to

13  this "Prosecution Bar" shall not have any substantive involvement in the prosecution or

14  preparation of patent claims of any such applications filed, or claiming priority from any

15  such application filed, prior to two (2) years following the entry of a final non-

16  appealable judgment or order or the complete settlement of all claims against all parties

17  in this multidistrict action.

18  **Protections for Source Code.**

19  21.    Where materials consisting of source code in electronic form are designated

20  Confidential Attorneys' Eyes Only, this section shall apply in addition to the other

21  provisions of this Protective Order.  At the option of the furnishing party, in lieu of or in

22  addition to providing such source code on paper, optical or magnetic storage media, the

23  furnishing party may produce such source code by making the code available on a

24  computer provided by the furnishing party at a reasonably accessible location mutually

25  agreed to by the parties (e.g., office of counsel for the furnishing party or a reasonably

26  accessible facility in the continental United States where such materials are normally

27  stored by the furnishing party).  The furnishing party shall be given advance notice of

28

the length and duration of said inspection of at least 5 business days prior to the
requested date of inspection and the furnishing party shall make said materials available
for inspection by the persons to whom disclosure is authorized pursuant to this
protective order between the hours of 9:00 am and 5:00 pm on scheduled business days
of the furnishing party or as otherwise agreed between the parties.

22.    The furnishing party shall provide the computer in a form which permits
searching of the source code loaded thereon and that will permit installation of
analytical software by the individual inspecting the source code, but may take such
measures as are reasonably necessary to prevent the copying of all or any portion of the
source code, including without limitation: (1) preventing the computer from writing to
removable storage media; (2) preventing the computer from transferring such source
code across a network; or (3) if paper copies of the relevant source code are otherwise
produced by the furnishing party, preventing the computer from printing on paper.

23.    Source code may only be printed from the computer for use as an exhibit to
testimony, motion, expert report or disclosure, or otherwise as reasonably necessary in
connection with the litigation, but only if and to the extent believed in good faith to be
necessary.  At the end of each working day, all originally printed pages will be retained
by the furnishing party or its representatives who will then make one copy for a
designated individual from the receiving party.  Only such copies of selected source
code may be removed from the designated facility.  Printing and copying may not be
done in such volume as to circumvent the purpose of this provision in protecting the
parties' source code to the fullest extent possible.  The paper copy of any portion of
source code printed pursuant to this paragraph shall be marked by the furnishing party
with the Confidential Attorneys' Eyes Only designation immediately upon printing and,
if filed with the Court, shall be filed under seal.

**Non-Party Information.**

24.     The existence of this Protective Order must be disclosed to any person producing documents, tangible things, or testimony in this action who may reasonably be expected to desire confidential treatment for such documents, tangible things or testimony. Any such person may designate documents, tangible things, or testimony Confidential or Confidential Attorneys' Eyes Only pursuant to this Protective Order.  Such information must be treated by the parties to this Protective Order accordingly

**Filing Documents With the Court.**

25.     Without written permission from the furnishing party or a court order secured after appropriate notice to all interested parties, a party may not file in the public record in this action any Confidential or Confidential Attorneys' Eyes Only information of another party.  A party that seeks to file any such information under seal must comply with the Local Rules of the United States District Court for the Central District of California, particularly,   Civil Local Rule 79-5.   A party intending to file such information under seal must give the furnishing party twenty-four (24) hours advance notice, or less time if the furnishing party does not object, during which time the furnishing party may provide supporting language for the filing party to include in the Rule 79-5 written application.  This provision does not relieve the filing party, however, from its obligation to provide its own support for the application.  All documents and things filed with or otherwise submitted to the Court, including, without limitation, discovery materials, deposition transcripts, trial exhibits, demonstrative exhibits, trial transcripts, pleadings, briefs, and memoranda, which contain Confidential or Confidential Attorneys' Eyes Only Information of any Party or any third party, shall have the legend set forth in paragraph 3 hereof placed on the caption page and all pages containing such information.

**No Prejudice.**

26.     Producing or receiving Confidential or Confidential Attorneys' Eyes Only Information, or otherwise complying with the terms of this Protective Order, will not: (a) operate as an admission by any party that any particular Confidential or Confidential Attorneys' Eyes Only information contains or reflects trade secrets or any other type of confidential or proprietary information; (b) prejudice the rights of a party to object to the production of information or material that the party does not consider to be within the scope of discovery; (c) prejudice the rights of a party to seek a determination by the presiding judge that particular materials be produced, treated in a certain way, or returned to the producing party; (d) prejudice the rights of a party to apply to the presiding judge for further protective orders; or (e) prevent the parties from agreeing in writing to alter or waive the provisions or protections provided for in this Protective Order with respect to any particular information or material.

**Conclusion of Litigation.**

27.     Within sixty (60) calendar days after final judgment in the last active covered action, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Protective Order is under an obligation to destroy or return to the furnishing party all materials and documents containing Confidential or Confidential Attorneys' Eyes Only information, and to certify to the furnishing party that this destruction or return has been completed.  However, outside counsel for any party is entitled to retain its correspondence file from this case and one copy of all filings (briefs, memoranda, affidavits, supporting materials, all papers served on the party, any briefs and appendix on appeal, and all legal research memoranda), court papers, trial transcripts, and exhibits, provided that any such materials are maintained and protected in accordance with the terms of this Protective Order.

**Other Proceedings.**

28.    By entering this Protective Order and limiting the disclosure of information in this case, the presiding judge does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this Protective Order who may be subject to a motion to disclose another party's information designated under this Protective Order must promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

**Remedies.**

29.    It is Ordered that this Protective Order will be enforced by the sanctions set forth in Fed. R. Civ. P. 37(b) and any other sanctions as may be available to the presiding judge, including the power to hold parties or other violators of this Protective Order in contempt.  All other remedies available to any person injured by a violation of this Protective Order are fully reserved.

30.    Any party may petition the presiding judge for good cause shown if the party desires relief from a term or condition of this Protective Order.

**SO ORDERED AND SIGNED this 4th day of March, 2009.**

_____

**The Honorable Cormac J. Carney**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

**IN RE: HALFTONE COLOR SEPARATIONS ('809) PATENT LITIGATION**

Case No.  8:08-ml-01926-CJC (ANx)

Honorable Cormac J. Carney

**AGREED PROTECTIVE ORDER**

## EXHIBIT A

## CONFIDENTIALITY AGREEMENT FOR EXPERT OR CONSULTANT

I, _____ [print or type full name], of _____ hereby affirm that: Information, including documents and things designated as "Confidential" or "Confidential Attorneys' Eyes Only" as defined in the Protective Order entered in the above-captioned action ("Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.  I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order, and I agree to comply with and to be bound by its terms.  I submit to the jurisdiction of this Court for enforcement of the Protective Order.

I agree not to use any Confidential or Confidential Attorneys' Eyes Only information disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation, and not to disclose any of this information to persons other than those specifically authorized by the Protective Order, without the express written

3745427v1

1  consent of the party who designated the information or by order of the presiding judge.
2  I also agree to notify any stenographic, clerical or technical personnel who are required
3  to assist me of the terms of this Protective Order and of its binding effect on them and
4  me.

5       I understand that I am to retain all documents or materials designated as or
6  containing Confidential or Confidential Attorneys' Eyes Only information in a secure
7  manner, and that all such documents and materials are to remain in my personal custody
8  until the completion of my assigned duties in this matter, whereupon all such documents
9  and materials, including all copies thereof, and any writings prepared by me containing
10  any Confidential or Confidential Attorneys' Eyes Only information are to be returned to
11  counsel who provided me with such documents and materials.

12

13  DATED: _____

14

15  CITY WHERE SWORN AND SIGNED: _____

16

17  PRINTED NAME: _____

18

19  SIGNATURE: _____

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| **IN RE: HALFTONE COLOR SEPARATIONS ('809) PATENT LITIGATION** | Case No.  8:08-ml-01926-CJC (ANx) |
| | Honorable Cormac J. Carney |
| | **AGREED PROTECTIVE ORDER** |

**EXHIBIT B**

**CONFIDENTIALITY AGREEMENT FOR THIRD-PARTY VENDORS**

I, _____ [print or type full name], of _____ hereby affirm that:

Information, including documents and things designated as "Confidential" or "Confidential Attorneys' Eyes Only" as defined in the Protective Order entered in the above-captioned action ("Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by its terms.  I submit to the jurisdiction of this Court for enforcement of the Protective Order.

I agree not to use any Confidential or Confidential Attorneys' Eyes Only information disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose any of this information to persons other than those specifically authorized by the Protective Order, without the express written

consent of the party who designated the information as confidential or by order of the presiding judge.

DATED: _____

CITY WHERE SWORN AND SIGNED: _____

PRINTED NAME: _____

SIGNATURE: _____

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

|  |  |
|---|---|
| **IN RE: HALFTONE COLOR SEPARATIONS ('809) PATENT LITIGATION** | Case No.  8:08-ml-01926-CJC (ANx) |
|  | Honorable Cormac J. Carney |
|  | **AGREED PROTECTIVE ORDER** |

## EXHIBIT C

## CONFIDENTIALITY AGREEMENT FOR EMPLOYEE OF ANY PARTY

I, _____ [print or type full name], of _____ hereby affirm that: Information, including documents and things designated as "Confidential" as defined in the Protective Order entered in the above-captioned action ("Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.  I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order, and I agree to comply with and to be bound by its terms.  I submit to the jurisdiction of this Court for enforcement of the Protective Order.

I agree not to use any Confidential information disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation, and not to disclose any of this information to persons other than those specifically authorized by the Protective Order, without the express written consent of the party who designated the information or by order of the presiding judge.  I also agree to notify any

1  stenographic, clerical or technical personnel who are required to assist me of the terms

2  of this Protective Order and of its binding effect on them and me.

3       I understand that I am to retain all documents or materials designated as or

4  containing Confidential information in a secure manner, and that all such documents

5  and materials are to remain in my personal custody until the completion of my assigned

6  duties in this matter, whereupon all such documents and materials, including all copies

7  thereof, and any writings prepared by me containing any Confidential information are to

8  be returned to counsel who provided me with such documents and materials.

9

10  DATED: _____

11

12  CITY WHERE SWORN AND SIGNED: _____

13

14  PRINTED NAME: _____

15

16  SIGNATURE: _____

17

18

19

20

21

22

23

24

25

26

27

28

W02-EAST:7JEL1\200108421.1                    -23-                              .

3745427v1